UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEWIS FRANCOIS,

        Petitioner,

  - against -

WARDEN of Sullivan Correctional Facility,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-5333 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On July 1, 2013, this Court dismissed, without prejudice, *pro se* petitioner Lewis Francois's action for a writ of *habeas corpus*. On July 25, 2013, Francois moved for reconsideration of the Court's dismissal Order. For the reasons set forth below, Francois's motion is granted insofar as affording him thirty (30) days from the date of this Memorandum and Order to advise the Court of whether he intends to delete the unexhausted claims from his *habeas* petition, and to proceed solely with the exhausted claims.

## BACKGROUND

On October 19, 2012, Francois commenced this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Francois sought relief from his convictions in New York Supreme Court, Kings County, for second-degree murder and third-degree weapon possession, for which he received an aggregate, indeterminate prison sentence of from twenty-five years to life. Francois also requested leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 1.) On November 7, 2012, the Court issued an Order to Show Cause directing the attorney for respondent Warden of Sullivan Correctional Facility ("the Warden") – either the Kings County District Attorney or the New York Attorney General – to show cause why the *habeas corpus* writ should not be issued. (Doc. No. 6.)

In duplicate letters filed on November 26, 2012 (Doc. Nos. 7–8), the Warden, represented by the Kings County District Attorney, requested dismissal of the petition. The Warden pointed out that, in state court, Francois had raised only three of the fourteen claims that he was advancing in support of his *habeas* petition, which rendered the majority of those claims unexhausted and procedurally barred.[1] The Warden, therefore, asked that the petition be dismissed as a procedurally improper mixed-petition. (*Id.*, citing*, inter alia*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982).)

On December 11, 2012, this Court granted Francois's request for IFP status. Further, the Court recognized that the lion's share of Francois's claims appeared to be unexhausted, rendering the *habeas* action a mixed-petition. The Court explained to Francois that, under these circumstances, it had the discretion to deny the entire petition on the merits, to allow Francois to delete the unexhausted claims and to proceed with the exhausted claims, to stay the petition while Francois exhausted the unexhausted claims, or to dismiss the petition in its entirety without prejudice so that Francois could exhaust his claims in state court.[2] (Doc. No. 9.)

The Court declined to exercise its discretion to dismiss the entire petition on the merits or to grant a stay. The Court instead expressed its inclination to dismiss the petition without prejudice to allow Francois to exhaust his various state claims. However, out of an abundance of caution, the Court issued an Order to Show Cause directing Francois to respond within forty-five days as to why his petition should not be dismissed in its entirety as a mixed-petition, thereby according Francois an opportunity to delete his unexhausted claims. The Court warned Francois

---

[1] The three exhausted claims are as follows: that the evidence was legally insufficient to establish Francois's guilt of second-degree murder and that the verdict failed to comport with the weight of the evidence; that the trial prosecutor improperly bolstered a witness' testimony; and that the jury's split verdict was repugnant. (*See* Doc. Nos. 7–8.) The Warden noted that one of Francois's unexhausted claims – that his appellate lawyer had been constitutionally ineffective – was then pending before New York's Appellate Division, Second Department, in the form of a petition for a writ of error *coram nobis*. (*Id.*)

[2] A copy of this December 11th Order to Show Cause is attached to the instant decision.

that his failure to respond within the allotted time would result in dismissal of his petition without prejudice. (Doc. No. 9.)

Subsequently, in a letter dated January 4, 2013, Francois requested an extension of his time to respond. (Doc. No. 12.) On January 25, 2013, the Court granted Francois a thirty-day continuance and set the new deadline for his response as February 25, 2013. (1/25/13 Order.) Once again, the Court warned Francois that his failure to respond in a timely fashion would lead to dismissal of the petition. (*Id.*) On January 28, 2013, the Court mailed a copy of its January 25th Order to Francois. (1/28/13 Docket Entry.)

Francois did not file a response to the Court's Order to Show Cause by the February 25th deadline, nor did he request an extension of his time to file that response. And, over the course of the next four months, Francois did not communicate with the Court or otherwise provide an update regarding the status of his *habeas corpus* petition. As a result, on July 1, 2013, the Court dismissed the petition without prejudice. (Doc. No. 13.)

Twenty-one days later, in a letter dated July 22, 2013 and mailed the following day, Francois moved for "reconsideration" of the Court's dismissal order. In that letter, which is currently at issue, Francois attributes his failure to comply with the Court's Order to his transfers between correctional facilities, his mental health disability, and his overall lack of legal knowledge and/or resources. (Doc. No. 15.)

## DISCUSSION

Preliminarily, the Court notes that Francois had already requested – and the Court had granted – an extension of time (*see* Doc. No. 12; 1/25/13 Order), and thus he was surely aware of the new deadline and fully capable of communicating with the Court. Yet Francois did not request or obtain an adjournment of the February 25th deadline, and failed to update the Court

about the status of his petition for over four months.

Nonetheless, given Francois's *pro se* status and professed mental health disability, coupled with the fact that he was apparently transferred between correctional facilities during the time in question (*see* Doc. No. 15), the Court will grant Francois's request.

Thus, within thirty (30) days from the date of this Memorandum and Order, petitioner shall Show Cause why his petition should not be dismissed in its entirety as a mixed petition for the reasons previously stated in the Court's Order to Show Cause dated December 11, 2012, a copy of which is attached hereto. This is the last opportunity for petitioner to show cause. Failure to respond by this deadline will result in dismissal of the petition without prejudice.

The Clerk of Court is directed to mail a copy of this Order to petitioner at the following address, and note the mailing on the docket:

> Lewis Francois
> DIN: 08A3321
> Sullivan Correctional Facility
> P.O. Box 116
> Fallsburg, New York 12733-0116

As this is petitioner's current facility, the Clerk of Court is also directed to reflect this new address for defendant on the docket so that he will receive all future correspondence.

SO ORDERED.

Dated: Brooklyn, New York
March 19, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

ATTACHMENT – ORDER TO SHOW CAUSE DATED DECEMBER 11, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEWIS FRANCOIS,

        Petitioner,

- against -

WARDEN of Sullivan Correctional Facility,

        Respondent.
------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
12-CV-05333 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Petitioner *pro se* Lewis Francois brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his conviction in the Supreme Court of the State of New York, Kings County, for Murder in the Second Degree and Criminal Possession of a Weapon in the Third Degree. He was sentenced to a term of imprisonment of twenty-five years to life. Petitioner has applied to proceed *in forma pauperis* in this action. Petitioner's request to proceed *in forma pauperis* is GRANTED. He is also Ordered to Show Cause why his petition should not be dismissed in its entirety without prejudice for the reasons below.

## BACKGROUND

    According to his petition, petitioner was sentenced for his crimes of conviction on June 4, 2008. (Pet. ¶ 3.) He appealed his conviction, and, on June 7, 2011, the Appellate Division, Second Department, affirmed his conviction. (*Id.* at ¶ 10(c)–(d).) On October 21, 2011, the Court of Appeals denied leave to appeal. (*Id.* at ¶ 10(f).) On October 1, 2012, petitioner filed for a writ of error *coram nobis* with the Appellate Division, Second Department. (*Id.* at ¶ 12(a).) It is the Court's understanding that petitioner's *coram nobis* application is still pending. On October 19, 2012, petitioner filed this application for a writ of habeas corpus.

1

On November 7, 2012, this Court Ordered that respondent show cause why a writ of habeas corpus should not be issued in this case, and denied petitioner's request for appointment of counsel. (Doc. No. 6.)[1] On November 26, 2012, respondent filed a letter response comprising a motion to dismiss the petition on the ground that it constitutes a "mixed petition," containing both exhausted and unexhausted claims, warranting dismissal of the entire petition without prejudice. (Doc. No. 7.)

## DISCUSSION

A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). However, such application may only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies.").

In order to exhaust his state remedies, a petitioner must " 'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).' " *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). In New York, a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y.

---

[1] The docket text accompanying the Court's earlier Order mistakenly says that the Order denied petitioner's motion to proceed *in forma pauperis*. The Court's earlier Order denied petitioner's request for appointment of counsel, not his request for *in forma pauperis* status.

Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)). If petitioner has already pursued these appeals, petitioner may bring additional claims in a motion to vacate judgment under N.Y. Crim. Proc. Law § 440.10 ("§ 440 motion" or "§ 440 collateral attack"). Section 440 motions are limited to off-the-record claims, but may be pursued "[a]t any time after the entry of judgment." *Ortiz v. Heath*, No. 10-CV-1492(KAM), 2011 WL 1331509, at *10 (E.D.N.Y. Apr. 6, 2011) (quotation marks omitted, alteration in original); *see also Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994). Additionally, a claim for ineffective assistance of appellate counsel may be brought via a writ of error *coram nobis* to the state's Appellate Division. *See Daley v. Lee*, No. 10-CV-6065(NGG), 2012 WL 2577472, at *7 (E.D.N.Y. July 3, 2012) ("The exclusive state court remedy to raise an ineffective assistance of appellate counsel claim is the *coram nobis* petition. . . . Indeed, the *coram nobis* petition is the only way to exhaust this type of claim for habeas purposes."). A writ of error *coram nobis* may be brought "at any time." *Ikker v. Taylor*, No. 08-CV-3301(JG), 2008 WL 5110866, at *6 (E.D.N.Y. Dec. 3, 2008).

Petitioner asserts a number of claims in support of his habeas application before this Court: (1) insufficient evidence to support his conviction and verdict was against the weight of the evidence; (2) denied due process and a fair trial when the prosecutor was permitted to elicit a witness's prior consistent statement; (3) jury verdict, acquitting him of second-degree possession of a weapon but convicting him of second-degree murder, was repugnant; (4) ineffective trial counsel; (5) ineffective appellate counsel; (6) prosecutorial misconduct at trial, including expression of personal opinions and beliefs, improper bolstering, and false and misleading arguments, including misstating the record; (7) misconduct in the course of conducting a line up; (8) failure to provide evidence of witness testimony and deals to defense lawyer during trial; (9) grand jury misconduct; (10) defective indictment; (11) "330.30 motion failure to follow up on

3

it;" (12) failure of counsel to advise petitioner of opportunity to file for writ of certiorari to the United States Supreme Court; (13) failure of counsel to preserve [objection to] bolstering testimony; (14) his charge should have been depraved indifference instead of intentional murder. (Pet. ¶ 14.)

Petitioner represents that only the first three grounds were raised before the Appellate Division, Second Department, and Court of Appeals, on direct appeal. (*Id.* at ¶¶ 10(e) & rider, 10(f)(5).) It appears that the remaining claims are therefore unexhausted. As the petition contains claims that are both deemed exhausted and unexhausted, it is considered a "mixed" petition, and the Court may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. at 273-74; 28 U.S.C. § 2254(b)(2); *Manzullo v. People of N.Y.*, No. 07-CV-744(SJF), 2010 WL 1292302, at *3 (E.D.N.Y. Mar. 29, 2010); *Linares v. People of N.Y.*, No. 04-CV-2973(KMW), 2008 WL 2115231, at *2 n.7 (S.D.N.Y. May 14, 2008).

A stay may only be granted where petitioner shows "good cause for the petitioner's failure to exhaust his claims first in state court" and that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Where a district court deems a stay inappropriate, the Supreme Court has directed that the petitioner be allowed the opportunity to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278

Initially, the Court declines to exercise its discretion to dismiss the entire petition on the merits. 28 U.S.C. § 2254(b)(2). Although the Court is skeptical of petitioner's vague

4

accusations in support of his unexhausted claims, it would be premature to adjudicate them on this petition. Nor does the Court perceive an obvious need for a stay, given that petitioner has a *coram nobis* application currently pending. Petitioner represents that his *coram nobis* application challenges his conviction on grounds including claims (4)–(11) and (14) above. (Pet. ¶ 12(a)(4)). He also attached to his petition an outline of issues and memorandum of law that was apparently presented to the Court of Appeals, and may constitute the substance of his pending *coram nobis* petition, that also includes claims (12)–(13) above. (*Id.* at 6–22.) There is thus reason to believe that petitioner is in the course of exhausting all of the claims he now presents to this Court. Furthermore, because proper filing of his *coram nobis* application would toll the statute of limitations for his application for habeas relief, *see* 28 U.S.C. § 2244(d)(2), dismissal of the entire petition would not unreasonably impair petitioner's right to obtain federal relief at a later date.[2]

However, petitioner is advised that this Order does not constitute a finding that his claims are being fully and properly exhausted by means of his pending *coram nobis* application. Petitioner must fully exhaust all claims he intends to bring in his habeas application in accordance with New York State law and federal precedent.

Out of an abundance of caution, petitioner is Ordered to Show Cause within forty-five (45) days of the date of this Order why his petition should not be dismissed in its entirety as a

---

[2] Petitioner represents in his petition that the Court of Appeals denied leave to appeal on October 21, 2011. (Pet. at ¶ 10(f).) If accurate, his conviction became final for purposes of triggering the one-year AEDPA statute of limitations ninety days later, on January 18, 2012. Petitioner indicates that he thereafter filed a writ of error *coram nobis* on October 1, 2012. (*Id.* at ¶ 12(a).) If filed properly, this tolls the statute of limitations for federal habeas review. *see* 28 U.S.C. § 2244(d)(2). Therefore, from the date of decision of his *coram nobis* application, petitioner will have a significant number of days to make a timely federal habeas application. For these reasons, there appears to be no prejudice to petitioner from a dismissal without prejudice. Out of an abundance of caution, petitioner is advised that AEDPA's statute of limitations is not tolled during the interval when a petitioner seeks leave to appeal an Appellate Division's denial of a *coram nobis* motion. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 71–72 (2d Cir. 2001).

mixed-petition, described above. Failure to respond by this deadline will result in dismissal of the petition without prejudice.

The Clerk of Court is respectfully directly to mail a copy of this Order to petitioner and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       December 11, 2012

ROSLYNN R. MAUSKOPF
United States District Judge