```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```
LEWIS FRANCOIS,

        Petitioner,

  - against -

WARDEN of Sullivan Correctional Facility,

        Respondent.

**MEMORANDUM AND ORDER**
12-CV-5333 (RRM)

```
-----------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

      Pending before the Court is the motion of *pro se* petitioner Lewis Francois to reconsider the Court's Order of July 1, 2013 dismissing his petition for a writ of *habeas corpus*. For the reasons set forth below, the Court grants Francois's request for reconsideration, vacates its dismissal of his petition, and deems his *habeas* petition amended to include additional claims as discussed in this opinion.

## BACKGROUND

      On October 19, 2012, Francois commenced this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Francois sought relief from his convictions in New York Supreme Court, Kings County, for second-degree murder and third-degree weapons possession, for which he received an aggregate, indeterminate prison sentence of twenty-five years to life. On November 7, 2012, the Court issued an Order to Show Cause directing the attorney for respondent Warden of Sullivan Correctional Facility ("Warden") to show cause why the *habeas* writ should not be issued. (11/7/12 Order to Show Cause (Doc. No. 6).)

      In duplicate letters filed on November 26, 2012 (11/26/12 Government Ltr. (Doc. Nos. 7–8)), the Warden, represented by the Kings County District Attorney, requested dismissal of the petition. The Warden noted that, on direct appeal in state court, Francois had raised only three of

1

the fourteen claims that he was advancing in support of his *habeas* petition, which rendered the majority of his *habeas* claims unexhausted. The Warden noted that one of Francois's unexhausted claims – that his appellate lawyer had been constitutionally ineffective – was then pending before New York's Appellate Division, Second Department, in the form of a petition for a writ of error *coram nobis*. (*Id.*) The Warden, therefore, asked that the petition be dismissed as a procedurally improper mixed-petition. (*Id.* (citing, *inter alia*, *Rose v. Lundy*, 455 U.S. 509 (1982)).)

In an Order to Show Cause issued on December 11, 2012, the Court explained to Francois that, under these circumstances, it had the discretion to deny the entire petition on the merits, to allow Francois to delete the unexhausted claims and to proceed with the exhausted claims, to stay the petition while Francois exhausted the unexhausted claims, or to dismiss the petition in its entirety without prejudice so that Francois could exhaust his claims in state court. (12/11/12 Order to Show Cause (Doc. No. 9) at 4–5.)[1]

The Court declined to exercise its discretion to dismiss the entire petition on the merits or to grant a stay. (*Id.*) The Court instead expressed its inclination to dismiss the petition without prejudice to allow Francois to exhaust his various state claims. However, the Court directed Francois to respond within forty-five days explaining why his petition should not be dismissed in its entirety as a mixed-petition. The Court warned Francois that his failure to respond within the allotted time would result in dismissal of his petition without prejudice. (*Id.* at 5–6.)[2]

---

[1] For ease of reference the Court utilizes ECF pagination when citing court documents.

[2] Coincidentally, on December 11, 2012, the Clerk of Court filed two letters on the docket that Francois had previously submitted: one, dated November 27, 2012, requested that the Court grant his *habeas* petition, noted that he had a pending *coram nobis* petition in state court, and attached an affidavit of an alleged witness (11/27/12 Pet. Ltr. (Doc. No. 10)); the second, dated December 3, 2012, requested that the Court hold his petition in abeyance while he exhausted his claims through his pending *coram nobis* petition (12/3/12 Pet. Ltr. (Doc. No. 11)). The Court did not have these letters at the time the Court issued its Order to Show Cause.

2

In a letter dated January 4, 2013, Francois requested an extension of his time to respond to the Court's December 11, 2012 Order to Show Cause. (1/17/13 Pet. Ltr. (Doc. No. 12).) On January 25, 2013, the Court granted Francois a thirty-day continuance and set the new deadline for his response as February 25, 2013. (1/25/13 Docket Entry.) Once again, the Court warned Francois that his failure to respond in a timely fashion would lead to dismissal of the petition. (*Id.*) On January 28, 2013, the Court mailed a copy of its January 25th Order to Francois at the Clinton Correctional Facility. (1/28/13 Docket Entry.)

Francois did not respond to the Court's Order to Show Cause by the February 25th deadline. In fact, Francois did not communicate with the Court in any way. As a result, on July 1, 2013, the Court dismissed the petition without prejudice. (7/1/13 Order (Doc. No. 13).) The dismissal Order was mailed to Francois at the Clinton Correctional Facility. (7/1/13 Docket Entry)

Twenty-one days later, in a letter dated July 22, 2013, and received from the Sullivan Correctional Facility, Francois moved for reconsideration of the Court's dismissal.[3] (Mot. for Reconsideration (Doc. No. 15).)[4] Francois attributed his failure to comply with the Court's Order to his transfers between correctional facilities, his mental health disability, and his overall lack of legal knowledge and resources. (*Id.*)

On March 19, 2014, this Court granted Francois's motion for reconsideration insofar as affording him thirty days to advise the Court whether he intended to delete his unexhausted claims from his petition and proceed solely with his exhausted claims. (3/19/14 Order (Doc. No. 17) at 1.) The Court warned that this was Francois's last opportunity to show cause as to why his

---

[3] At various times throughout the pendency of this case, petitioner sent correspondence from both the Clinton Correctional Facility and the Sullivan Correctional Facility.

[4] While his motion for reconsideration was pending, Francois filed an appeal to the Second Circuit of the dismissal of his *habeas* petition. (Notice of Appeal (Doc. No. 16).)

3

petition should not be dismissed. (*Id.* at 4.) A copy of the March 19, 2014 Memorandum and Order was mailed to Francois at the Sullivan Correctional Facility on March 20, 2014. (3/20/14 Docket Entry.)

Francois filed a letter dated April 11, 2014 that indicated he "was under the impression [he] completed all paper work right. Sending all cop[ies] to [the] D.A. office . . . and I'm still being told something is not right." (4/17/14 Pet. Ltr. (Doc. No. 18).) He further requested more time and help with access to the prison law library. (*Id.*) Francois filed a second letter dated May 2, 2014, noting generally that some of his claims were not fully exhausted and asking the Court to hold his petition in abeyance while he exhausted the remainder of his claims. (5/9/14 Pet. Ltr. (Doc. No. 19).)

Unbeknownst to the Court at the time, the Second Department had denied Francois's *coram nobis* petition on March 6, 2013. *People v. Francois*, 104 A.D. 3d 704 (2d Dep't 2013). Francois did not inform this Court of the state court's decision. Nor has Francois indicated whether he sought leave to appeal the denial of *coram nobis* relief to the New York Court of Appeals, and the Court can find no record of such appeal. Although the Court warned Francois on several occasions that his failure to show cause as to why his petition should not be dismissed would result in dismissal of his petition without prejudice, given that Francois's *coram nobis* relief was adjudicated prior to this Court's dismissal of his *habeas* petition, the Court will vacate its Order dismissing Francois's petition, and deem the petition amended to add claims as discussed below.

## DISCUSSION

A basic requirement for pursuing a *habeas* petition in federal court is the exhaustion of the petitioner's state remedies. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citing 28 U.S.C.

4

§ 2254(b)(1)(A)).  In order to exhaust his state remedies, a petitioner must "fairly present the federal claim in each appropriate state court."  *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F. 3d 196, 201 (2d Cir. 2010) (internal citation and quotation marks omitted).

When Francois originally filed his *habeas* petition, only three of his claims were exhausted: (1) sufficiency of the evidence; (2) denial of his rights to due process and a fair trial when the prosecutor was permitted to elicit a witness's prior consistent statement; and (3) a claim of a repugnant verdict.  (Pet. (Doc. No. 1) at 3, 6.)  The remaining unexhausted claims were: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct at trial, including expression of personal opinions and beliefs, improper bolstering, and false and misleading arguments, including misstating the record; (4) misconduct in the course of conducting a line up; (5) failure to provide evidence of witness testimony and deals to defense lawyer during trial; (6) grand jury misconduct; (7) defective indictment; (8) "330.30 motion failure to follow up on it"; (9) failure of counsel to advise petitioner of opportunity to file for writ of certiorari to United States Supreme Court; (10) failure of counsel to preserve objection to bolstering testimony; and (11) his charge should have been depraved indifference instead of intentional murder.

One of Francois's unexhausted claims – that his appellate lawyer had been constitutionally ineffective – was then pending before the Second Department in the form of a petition for a writ of error *coram nobis*.  (11/26/12 Government Ltr.)  Francois also attached to his *habeas* petition a memorandum of law that suggested the remainder of his unexhausted claims were also included in the substance of his *coram nobis* petition.  (Pet. at 3, 6–12.)  Accordingly, the Court assumes for purposes of this Order, that all of the claims listed above were raised in Francois's *coram nobis* petition.

A *coram nobis* petition to the Second Department addresses errors at the appellate level. *Davis*, No. 04-CV-6132 (SAS), 2008 WL 216912, at *8 (S.D.N.Y. Jan. 22, 2008). It does not address trial errors. *Id.* A final decision on a *coram nobis* petition exhausts a petitioner's claim for ineffective assistance of appellate counsel. *See Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001) (finding that ineffective assistance of appellate counsel is appropriate for federal habeas review where a petitioner submitted and received a decision on a *coram nobis* petition). However, it may also exhaust claims for ineffective assistance of trial counsel, as well as other on-the-record trial claims, because failure to raise such claims on direct appeal may support a claim for ineffective assistance of appellate counsel. *See Davis*, 2008 WL 216912, at *8. Accordingly, such on-the-record claims may properly be considered by the state court when evaluating a *coram nobis* petition, and thus are considered adjudicated for purposes of *habeas* exhaustion. In contrast, claims based on information outside of the record are not properly considered by the state court in reviewing a *coram nobis* petition because appellate counsel could not have been constitutionally deficient for failing to raise claims based on such information. *Id.* Thus, these claims cannot be exhausted through a *coram nobis* petition.

Applying this analysis to Francois's case and considering the issues at play prior to the Court's dismissal of his petition, the adjudication of Francois's *coram nobis* petition would potentially allow him to add the following claims to his petition: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct at trial, including expression of personal opinions and beliefs, improper bolstering, and false and misleading arguments, including misstating the record; (4) defective indictment; (5) "330.30 motion failure to follow up on it"; (6) failure of counsel to advise petitioner of opportunity to file for writ of certiorari to the United States Supreme Court; (7) failure of counsel to preserve

objections to bolstering testimony; and (8) his charge should have been depraved indifference instead of intentional murder.[5]

There is, however, a wrinkle that may ultimately affect the amended, on-the-record claims. In order to exhaust on-the-record claims through a *coram nobis* adjudication, a petitioner must also seek leave to appeal to the Court of Appeals. *Hawkins v. Lape*, No. 08-CV-2669 (BMC), 2009 WL 890549, at *4 (E.D.N.Y. Mar. 30, 2009) (finding that a failure to seek leave to appeal from an Appellate Division denial of *coram nobis* means that the claims raised in the petition were unexhausted). It is not clear to this Court whether Francois has sought leave to appeal from the denial of his *coram nobis* petition, or if he did so in a timely manner. Under New York law, a party has only thirty days from receipt of an appellate order to seek leave to appeal from that order. N.Y. Crim. Proc. Law § 460.10(5)(a). Where that time to appeal a *coram nobis* decision has expired, the claims in the petition are deemed exhausted but procedurally barred. *Hawkins*, 2009 WL 890549, at *4. In addition, while the AEDPA statute of limitations is tolled during the pendency of a *coram nobis* petition, it continues to run once the petition is "finally disposed of and further appellate review is unavailable under the particular state's procedures." *Walker v. Graham*, 955 F. Supp. 2d 92, 101 (E.D.N.Y. 2013) (internal citation and quotation marks omitted). Accordingly, tolling here ceased either thirty days after the Second Department's denial of *coram nobis* relief or upon a final determination by the New

---

[5] In contrast, because a state court may not consider off-the-record claims on a *coram nobis* petition, the following claims Francois seeks to raise would not be considered exhausted for purposes of habeas relief: (1) misconduct in the course of conducting a line up; (2) failure to provide evidence of witness testimony and deals to defense lawyer during trial; and (3) grand jury misconduct. In order to properly exhaust these claims, a petitioner must bring a motion in state court pursuant to C.P.L. § 440.10. *Davis*, 2008 WL 216912, at *8, *8 n.1. Here, there is no indication, from Francois or in the record, that Francois ever sought to exhaust these claims through a 440 motion, and his time under AEDPA has long expired. *See Sanford v. Lee*, No. 11-CV-5714 (JPO) (AJP), 2012 WL 2376953, at *2 (S.D.N.Y. June 22, 2012) ("It is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one-year limitation period anew."), *report and recommendation adopted* 2012 WL 3062692. Thus, Francois's off-the-record claims remain unexhausted, and there is no arguable basis to include these claims in any amended petition. *See Davis*, 2008 WL 216912, at *8.

York Court of Appeals. As noted above, Francois has never indicated he has sought such leave and the Court has been unable to find a record of any appeal.

Because of the difficulties in securing the requisite information from Francois to allow the Court to determine whether Francois has truly exhausted additional claims through his *coram nobis* petition and any appeal therefrom, the Court will deem Francois's petition amended to add the following on-the-record claims brought on *coram nobis*: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct at trial, including expression of personal opinions and beliefs, improper bolstering, and false and misleading arguments, including misstating the record; (4) defective indictment; (5) "330.30 motion failure to follow up on it"; (6) failure of counsel to advise petitioner of opportunity to file for writ of certiorari to the United States Supreme Court; (7) failure of counsel to preserve objections to bolstering testimony; and (8) his charge should have been depraved indifference instead of intentional murder. The original claims, properly exhausted at the time *habeas* relief was sought, will also remain: (1) sufficiency of the evidence; (2) denial of his rights to due process and a fair trial when the prosecutor was permitted to elicit a witness's prior consistent statement; and (3) a claim of a repugnant verdict.

However, as to the newly-added claims, the Warden may have valid procedural grounds on which to challenge these claims, for example as unexhausted or as otherwise procedurally barred, and the state may raise these in opposition to the amended petition. The state is in the best position at this juncture to provide the Court with the necessary information to determine the viability of all original and amended claims, either on their merits or on procedural grounds, including whether petitioner sought leave to appeal the denial of *coram nobis* relief.

**CONCLUSION**

The Court grants Francois's motion for reconsideration, vacates the Court's July 1, 2013 Order dismissing the instant *habeas* petition, and deems the petition amended to add additional claims to the extent discussed herein. By companion Order issued this day, the Court has ordered a briefing schedule on the amended petition.

The Clerk of Court is directed to mail to Francois a copy of this Memorandum and Order and the companion Order issued this day to the following address, and note the mailing on the docket:

> Lewis Francois
> 08A3321
> Sullivan Correctional Facility
> P.O. Box 116
> Fallsburg, NY 12733-0116

SO ORDERED.

Dated: Brooklyn, New York
August 19, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge